UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MAX VALADEZ,<br>Petitioner,<br>v.<br><br>SCOTT FRAUENHEIM, Warden,<br>Respondent. | Case No. 19-06649 BLF (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction in Alameda County Superior Court. Dkt. No. 1. The Court requested Respondent to file notice regarding the timeliness of this action. Dkt. No. 29. On April 16, 2020, Respondent filed notice that a motion to dismiss on untimeliness grounds appears to be unwarranted. Dkt. No. 10. Accordingly, this matter shall proceed to briefing.

**DISCUSSION**

**I.     Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

## II. Legal Claims

Petitioner claims the following grounds for habeas relief: (1) the admission of the victim's preliminary hearing testimony and his statements to the police violated Petitioner's right to confrontation under the Sixth Amendment; (2) there was insufficient evidence to support the gang enhancement; and (3) "the appellate court denied his federally protected procedural due process safeguard's [*sic*] in redressing his claims." Dkt. No. 1 at 5. Liberally construed, claims 1 and 2 are cognizable under § 2254 and merit an answer from Respondent.

With respect to the third claim, it must be dismissed for failure to state a cognizable claim. On direct appeal, Petitioner raised claims 1 and 2 above, and the state appellate court rejected the claims on the merits and affirmed the judgment. Dkt. No. 1 at 19-31. Petitioner filed a habeas petition in the California Supreme Court, challenging the state appellate courts' decision on direct appeal. *Id.* at 33-39. The high court dismissed the petition without prejudice "to filing a motion in the trial court pursuant to Penal Code section 1203.01. (See *In re Cook* (2019) 7 Cal.5th 439.)." *Id.* at 32. Petitioner is now asserting that the appellate court's failure to grant him the same sort of "relief" as that granted by the state high court amounts to a constitutional violation. He is mistaken. The "relief" granted by the state high court was based purely on state law. A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Even if the state appellate court erred by overlooking a procedure available to Petitioner under state law, the Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See

2

Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 119 (1982); Peltier v. Wright, 15 F.3d 860, 861-62 (9th Cir. 1994); see, e.g., Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide a ground for habeas relief). It also is unavailable for alleged error in the state post-conviction review process, Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989), cert. denied, 493 U.S. 1012 (1989), or violations of the state constitution, Hinman v. McCarthy, 676 F.2d 343, 349 & n.2 (9th Cir. 1982). Accordingly, claim 3 is DISMISSED for failure to state a claim. This matter shall proceed solely on claims 1 and 2 above.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  Respondent shall file with the court and serve on Petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

2.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

3

3.      It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:  _May 5, 2020_____**

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order to Show Cause
PRO-SE\BLF\HC.19\06649Valadez_osc